IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KEM CONSTRUCTION, LTD., GRAY STREET SECURE SOLUTIONS, LLC, *Plaintiffs* | § § § § § § § § § | SA-23-CV-01038-XR |
| -vs- | | |
| COLOSSAL CONTRACTING, LLC, *Defendant* | | |

# ORDER

On this date, the Court considered Defendant's motion to dismiss (ECF No. 21), Plaintiffs' response (ECF No. 23), and Defendant's reply (ECF No. 24). After careful consideration, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (ECF No. 21).

## BACKGROUND

In 2022, Plaintiff KEM Construction, LTD ("KEM") contracted with Plaintiff Graystreet Secure Solutions, LLC ("Graystreet Secure") to set up a network within The Light Building in San Antonio, Texas. ECF No. 12 ¶ 3.0.[1] In turn, Graystreet Secure contracted with Defendant Colossal Contracting, LLC ("Colossal"). Under that contract (the "Agreement"), Colossal allegedly agreed to build an information technology ("IT") system within The Light Building. *Id.* ¶ 3.1.[2] To secure the Agreement, Plaintiffs allege that Colossal represented that it had specialized knowledge, abilities, and skill and expertise to develop the system. *Id.* Plaintiffs also contend they paid Colossal $2 million for the installation of the IT system. *Id.*

---

[1] KEM is a general contractor in the commercial construction industry, and Graystreet is a subcontractor, who contracted to serve as a vendor for information technology equipment and provide information technology services to tenants at the Light Building. *Id.* ¶ 3.0.

[2] Colossal is a tech company that develops IT infrastructure. *Id.* ¶ 3.0.

1

During Colossal's installation of the IT system, Plaintiffs contend they discovered that Colossal was allegedly double billing for equipment, installing unnecessary hardware, charging for items through unapproved change orders, and failing to properly install other equipment ordered for the building. *Id.* ¶ 3.2. Plaintiffs also contend they also discovered that Colossal did not have the specialized knowledge to develop the IT system requested, as the installed system was not secure. *Id.* Moreover, Plaintiffs contend that Colossal purportedly installed a backdoor in Plaintiffs' network, allowing Colossal to access Plaintiffs' network remotely without Plaintiffs' knowledge or consent. *Id.* ¶ 3.3. Plaintiffs argue that, on at least one occasion, Colossal accessed and sabotaged Plaintiffs' computer network, forcing Plaintiffs to hire IT specialists to repair the damage. *Id.*

As a result, on July 24, 2023, KEM filed suit in the 407th Judicial District Court of Bexar County, Texas, alleging causes of action under 18 U.S.C. § 1030(a)(5)(B) of the Computer Fraud Abuse Act ("CFAA"); under Texas Civil Practice and Remedies Code section 143.001, the Texas Harmful Access by a Computer Act ("THACA"); for fraud; for negligent misrepresentation; and for breach of contract. ECF No. 1-2. Thereafter, Colossal removed the case to this Court based on federal question and diversity jurisdiction. ECF No. 1.

On September 18, 2023, Colossal filed its first motion to dismiss KEM's complaint, arguing, among other things, that KEM lacked standing to bring claims against Colossal as Colossal entered into its agreement with "Graystreet." ECF No. 9 at 5.

On October 9, 2023, KEM filed its first amended complaint ("FAC"), retaining those claims in its state court petition[3] but adding Plaintiff Graystreet Secure Solutions, LLC as a named

---

[3] Upon review of the FAC, it is unclear to the Court whether Plaintiffs brings a single fraud claim, or a fraud claim and a fraudulent inducement claim based on its allegations that (1) Colossal fraudulently induced Plaintiffs to enter into the Agreement and (2) Colossal later made multiple fraudulent misrepresentations to Plaintiffs regarding the necessity of services and equipment. ECF No. 12 ¶¶ 6.0–6.5; *see AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371,

2

plaintiff. On October 30, 2023, Colossal moved to dismiss Plaintiffs' FAC, arguing that (1) neither KEM nor Graystreet Secure have standing to assert their claims against Colossal; (2) Plaintiffs' CFAA claim fails as any alleged access of the IT system was authorized; (3) Plaintiffs' THACA claim fails as any access by Colossal was with the consent of Plaintiffs; (4) Plaintiffs fail to properly allege their fraud and negligent misrepresentation claims with particularity under Federal Rule of Civil Procedure 9(b), and those claims are barred by the economic loss rule; and (5) Plaintiffs' breach-of-contract claim fails as it does not identify the specific provision beached by Colossal. ECF No. 21.

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw

---

388–89 (W.D. Tex. 2023) ("Under Texas law, there are two types of common-law fraud: (1) simple fraud, also known as fraudulent misrepresentation, and (2) fraudulent inducement, which is when someone allegedly induces another to enter into a contract by using false representations." (citing *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 660 (W.D. Tex. 2019)). Indeed, at oral argument, Colossal stressed that Plaintiffs were blurring the lines between these two types of claims. December 21, 2023 Hearing.

3

the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery." (internal quotation marks and citations omitted)).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

**II.   Analysis**

    *a.   Standing*

Colossal argues the Court should dismiss Plaintiffs' FAC as both KEM and Graystreet Secure lack standing to pursue the asserted claims. ECF No. 21 at 6–7. According to Colossal, the alleged Agreement was between Colossal and an entity named Graystreet Acquisitions LLC. *Id.* at 6; ECF No. 21-2 at 2. To that end, Colossal submits various documents along with its motion to dismiss, which it claims constitute the Agreement between Colossal and Graystreet Acquisitions LLC. *See* ECF Nos. 21-2. In light of those documents, Colossal contends that Plaintiffs allege no facts demonstrating how Plaintiffs might have standing to pursue a breach-of-contract claim. ECF No. 21 at 6–7. Further, Colossal argues that Plaintiffs lack standing to pursue their CFAA, THACA, fraud, and negligent misrepresentation claims as well. *Id.* at 7. That is, in Colossal's view, there are simply no well-pled facts establishing that Colossal delivered IT infrastructure to

5

Plaintiffs and no facts establishing any commercial relationship between Colossal and Plaintiffs that might support fraud or negligent misrepresentation claims. *Id.*

In response, Plaintiffs argue that Colossal's standing arguments rest on disputed facts, making dismissal under Rule 12(b)(6) improper. ECF No. 23 at 4–6. In addition, Plaintiffs contend that Colossal's documents corroborate that Graystreet Secure was a party to the Agreement at issue and cast doubt on the authenticity of the documents submitted by Colossal. *Id.* at 4–5. Further, Plaintiffs point out that neither the CFAA nor THACA require contractual privity; instead, these claims only require that a plaintiff was damaged by the defendant hacker. *Id.* at 5–6.

Here, even if the documents submitted by Colossal may be considered, those documents are ambiguous regarding the contracting parties. Sometimes, the documents refer to "GrayStreet Acquisitions." ECF No. 21-2 at 2, 14. In other instances, the documents refer to "GrayStreet Partners." *Id.* at 23. Moreover, in the FAC, Plaintiff allege they "contracted to purchase technological services and equipment from Defendant" and that "Plaintiffs enlisted Defendant's services in building an IT system for Plaintiffs." ECF No. 12 ¶¶ 3.1, 8.2. In other words, Colossal's standing argument effectively asks that the Court disregard Plaintiffs' version of the facts in favor of Colossal's version of the facts. Considering the well-known Rule 12(b)(6) standard, the Court will not dismiss Plaintiffs' claims for lack of standing based on disputed facts.

    b. *Computer Fraud and Abuse Act ("CFAA") Claim*

Colossal contends that any alleged CFAA claim fails as any access to the IT infrastructure by Colossal was authorized even under Plaintiffs' version of the facts. ECF No. 21 at 8. According to Colossal, it was the contractor retained to develop the IT infrastructure and Colossal had authorization for access. *Id.* at 8–9. Thus, according to Colossal, any CFAA claim under 18 U.S.C. § 1030(a)(5)(B) based on Colossal's unauthorized access fails. *Id.*; ECF No. 24 at 4–6. In addition,

Colossal contends that Plaintiffs have failed to allege any "exceeds authorized access" claim under the CFAA because Plaintiffs have failed to properly allege, outside of one conclusory statement, how Colossal exceeded its authorization in accessing the system. ECF No. 21 at 9. In addition, Colossal argues that "exceeds authorized access" claims are not properly brought under 18 U.S.C. § 1030(a)(5)(B). *Id.* at 9–10; ECF No. 24 at 4–6.

In response, Plaintiffs contend that they plausibly alleged a violation of the CFAA for unauthorized access or access that exceeded Colossal's authorization by alleging that (1) Colossal installed a backdoor "unbeknownst to Plaintiffs" and "without Plaintiffs' knowledge and consent;" (2) on June 21, 2023, Colossal used this backdoor to sabotage the network; and (3) Colossal's conduct caused significant damage requiring Plaintiffs to hire IT specialists to remedy the network breach. ECF No. 12 ¶¶ 3.3, 4.3–4.5.

To begin, Plaintiffs' FAC only alleges a violation of 18 U.S.C. § 1030(a)(5)(B) of the CFAA. *Id.* ¶¶ 4.1–4.5.[4] To plausibly allege a claim under 18 U.S.C. § 1030(a)(5)(B), Plaintiffs must allege Colossal (1) intentionally accessed (2) a protected computer without authorization, and (3) as a result of such conduct, recklessly causes damage.

Here, Plaintiffs' claim fails because, as alleged, Colossal had at least some authorization to access the IT system at issue. This dooms their claim under 18 U.S.C. § 1030(a)(5)(B).

Under Plaintiffs' version of the facts, Colossal had authorization to access the IT system, at a minimum, to build and develop the IT system. Of course, Plaintiffs contend that Colossal

---

[4] At the December 21, 2023 hearing, Plaintiffs' counsel argued that Plaintiffs allege both an authorized and an exceeding authorized access claim. However, the FAC only alleges a violation of 18 U.S.C. § 1030(a)(5)(B)—a provision that, by its terms, only applies to access "without authorization." *See United States v. Thomas*, 877 F.3d 591, 596 (5th Cir. 2017) ("Tellingly, other subsections of the same damage statute are limited to those who inflict damage while 'intentionally access[ing] a protected computer without authorization.' 18 U.S.C. § 1030(a)(5)(B), (C). Because section 1030(a)(5)(A) is the one subsection of the damage statute that also applies to insiders, it would make no sense to import a limitation from the access statutes that is aimed at excluding insider liability." (alterations in original)).

7

exceeded this access by allegedly installing a backdoor without Plaintiffs' knowledge or consent, using this backdoor to sabotage the IT system, and forcing Plaintiffs to hire IT specialists to remedy the breach. But these allegations describe actions taken by Colossal exceeding their authorization, not actions taken wholly "without authorization." *See Van Buren v. United States*, 593 U.S. 374, 389 (2021) (distinguishing between "without authorization" and "exceeds authorized access" in 18 U.S.C. § 1030(a)(2) as phrases targeting "outside hackers" and "inside hackers," respectively). Accordingly, Plaintiffs could pursue a claim under 18 U.S.C. § 1030(a)(4) or another subsection applicable to "inside hackers." But for liability to attach under 18 U.S.C. § 1030(a)(5)(B), Colossal's access must have been "without authorization." *See* 18 U.S.C. § 1030(a)(5)(B) (applying to whoever "intentionally accesses a protected computer *without authorization*, and as a result of such conduct, recklessly causes damage" (emphasis added)); *see also Thomas*, 877 F.3d at 596.

  c. <u>Texas Harmful Access by a Computer Act ("THACA")</u>

Next, Colossal argues that Plaintiffs' FAC fails to properly allege a THACA claim. Colossal contends that Plaintiffs have failed to allege how its access of the IT system was without consent under THACA. *Id.* at 10–11. In response, Plaintiffs make the same argument as they do with respect to the CFAA—Plaintiffs plausibly allege a violation of THACA as (1) Colossal allegedly installed a backdoor "unbeknownst to Plaintiffs" and "without Plaintiffs' knowledge and consent;" (2) on June 21, 2023, Colossal allegedly used this backdoor to sabotage the network; and (3) Colossal's conduct allegedly caused significant damage requiring Plaintiffs to hire IT specialists to remedy the network breach. ECF No. 12 ¶¶ 3.3, 4.3–4.5.

THACA, like the CFAA, "provides a civil cause of action for the unauthorized access of a computer, computer network, or computer system." *Giddy Holdings, Inc. v. Kim*, 2022 WL

8

1518925, at *4 (W.D. Tex. Mar. 9, 2022), *report and recommendation adopted as modified*, 2022 WL 1518936 (W.D. Tex. Mar. 30, 2022) (citing TEX. CIV. PRAC. & REM. C. § 143.001). "A person is liable under the THACA if they knowingly access a computer, computer network, or computer system without the effective consent of the owner, and cause injury to a person or their property." *Id.* (emphasis added). The THACA "defines the phrase 'effective consent' by providing that '[c]onsent is not effective if . . . used for a purpose other than that for which the consent was given.'" *Id.* (quoting TEX. PENAL CODE § 33.01(12)(E)).

Unlike under 18 U.S.C. § 1030(a)(5)(B) of the CFAA, Plaintiffs' allegations are sufficient to state a claim under THACA. Plaintiffs specifically allege that Colossal installed a backdoor in Plaintiffs' IT system, accessed that backdoor, and sabotaged Plaintiffs' IT system. Though Colossal had Plaintiffs' consent to access the IT system, this consent did not extend to installing a backdoor and to allowing Colossal to sabotage Plaintiffs' IT system. ECF No. 12 ¶¶ 3.3, 4.3–4.5. In other words, while Plaintiffs allege facts showing that Colossal had at least some consent to access the IT system, Plaintiffs sufficiently allege that Colossal's access of the IT system through a backdoor to sabotage the system exceeded that consent. *See Giddy*, 2022 WL 1518925, at *4 ("[C]onsent is not effective if . . . used for a purpose other than that for which the consent was given." (quoting TEX. PENAL CODE § 33.01(12)(E)).

    d. *Negligent Misrepresentation & Fraud Claims*

In arguing that Plaintiffs fail to properly allege fraud or negligent misrepresentation, Colossal contends that both the economic loss rule and Rule 9(b)'s heightened pleading standard require dismissal.

        i.    Economic Loss Rule

According to Colossal, the economic loss rule bars Plaintiffs' claims because Plaintiffs' fraud and negligent misrepresentation claims are based on the same theory as its breach of contract claims. ECF No. 21 at 13–14. In response, Plaintiffs contend that the economic loss rule bars neither their negligent misrepresentation nor fraud claims because the claims seek damages which are unavailable under their breach-of-contract claim. ECF No. 23 at 15–17.

First, Plaintiffs' negligent misrepresentation claim, as alleged, is barred by the economic loss rule. The economic loss rule will bar negligent misrepresentation claims where a plaintiff alleges no damages independent from those resulting from breach of contract. *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 653 (W.D. Tex. 2019); *AT & T Corp. v. Park I-10 Motors*, No. SA-13-CV-644-XR, 2015 WL 150254, at *6 (W.D. Tex. Jan. 12, 2015) (citing *D.S.A., Inc. v. Hillsboro Independent School District*, 973 S.W.2d 662 (Tex.1998)). Moreover, "at the pleading stage, a plaintiff must at least attempt to differentiate the damages sought." *Bates*, 361 F. Supp. 3d at 654 (citing *AT & T Corp.*, 2015 WL 150254).

In the FAC, Plaintiffs make no attempt to differentiate the damages sought under its negligent misrepresentation and breach-of-contract theories. Under Plaintiffs' negligent misrepresentation theory, they allege that "Defendant negligently misrepresented that it was ordering and installing only the minimum equipment required to meet Plaintiffs' needs, and Defendant failed to disclose that much of the hardware and equipment it quoted to Plaintiffs would not be utilized by Plaintiffs' network or by the building's owner and tenants, once installed," and that "Plaintiffs have been injured as a result of the Defendant's negligent misrepresentations." ECF No. 12 ¶¶ 7.1, 7.3. In comparison, under Plaintiffs' breach-of-contract theory, they allege that "Defendant failed to conform to the parties' agreement, including by installing equipment that

Plaintiffs did not approve via change order, double billing Plaintiffs for equipment, and frequently installing unnecessary hardware. Thus, Defendant materially breached its agreement with Plaintiffs, causing damages to Plaintiffs in an amount to be proven at the time of final hearing." *Id.* ¶ 8.3. As alleged in the FAC, Plaintiffs' breach of contract and negligent misrepresentation theories both center on overpayments Plaintiffs made to Colossal and overbilling by Colossal. Plaintiffs do not differentiate the damages sought under either theory. Accordingly, the economic loss rule bars Plaintiffs' negligent misrepresentation claim, as alleged.

Second, to the extent that Plaintiffs alleged a fraudulent inducement claim, that claim is not barred by the economic loss rule.[5] The "[economic loss rule] does not bar all tort claims arising out of a contractual setting." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). The economic loss rule does not extend to fraudulent inducement claims. *AT & T Corp.*, 2015 WL 150254, at *6 (citing *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998)); *Bates*, 361 F. Supp. 3d at 655 (declining to apply economic loss rule at the pleading stage to bar fraud and fraudulent inducement claims where plaintiff alleged defendant fraudulently induced plaintiff to release escrow funds). Indeed, "tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Formosa*, 960 S.W.2d at 47.

---

[5] As explained below, Plaintiffs' FAC fails to properly state a fraud claim under the heightened standards of Rule 9(b). Thus, the Court does not parse Plaintiffs' fraud claim and engage in a long-winded economic loss rule analysis here.

ii. Rule 9(b)[6]

Next, under Rule 9(b)'s heightened pleading standard, fraud and fraudulent inducement claims must be alleged with particularity. FED. R. CIV. P. 9. "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

Here, though Plaintiffs make general allegations regarding Colossal's alleged fraud, the FAC lacks the type of specific allegations necessary to survive Rule 9(b). *See IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647–50 (5th Cir. 2018). In their response, Plaintiffs identify specific facts that bolster their claims. ECF No. 23 at 10–15. But the Court cannot consider those facts as they are not alleged in the FAC. *Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (refusing to consider factual allegations included in a response to a motion to dismiss but not in the complaint). Accordingly, the allegations in Plaintiffs' FAC fail to meet Rule 9(b)'s heightened pleading standard.

e. *Breach-of-Contract Claim*

Lastly, Colossal contends that Plaintiffs fails to adequately allege a breach-of-contract claim because Plaintiffs failed to identify the specific provision in the contract that was breached as well as facts showing how that specific provision was breached. ECF No. 21 at 14–15 (citing *McKinney v. Wells Fargo Bank, N.A.*, 2019 WL 3305607, at *2 (W.D. Tex. July 23, 2019)). In response, Plaintiffs cabin this requirement, contending that it's unclear whether a plaintiff must identify a specific breached provision in all claims for breach of contract. ECF No. 23 at 18 (citing

---

[6] Given that the Court held that, as alleged, Plaintiffs' negligent misrepresentation claim is barred by the economic loss rule, the Court will offer no opinion on whether Plaintiffs' negligent misrepresentation claim is subject to Rule 9(b)'s heightened pleading standard.

*AHBP LLC v. Lynd Co.*, SA-22-CV-00096- XR, 2023 U.S. Dist. LEXIS 3163, *52 (W.D. Tex. Jan. 9, 2023)).

Plaintiffs have the better of the argument. Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). While Colossal identified cases requiring that a plaintiff identify a specific provision breached and allege how that provision is breached, the Fifth Circuit has held that a plaintiff can properly state a claim without identifying the specific provisions of a contract that was allegedly breached. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 731–32 (5th Cir. 2018).

Here, Plaintiffs allege that (1) "Plaintiffs contracted to purchase technological services and equipment from Defendant," (2) "Plaintiffs fulfilled their obligations under these agreements," (3) "Defendant failed to conform to the parties' agreement, including by installing equipment that Plaintiffs did not approve via change order, double billing Plaintiffs for equipment, and frequently installing unnecessary hardware," and (4) Colossal "caus[ed] damages to Plaintiffs." ECF No. 12 ¶¶ 8.2–8.3. This is sufficient to plausibly allege a breach of contract claim. *See AHBP*, 649 F. Supp. 3d at 399–400 ("It appears that fairly generic allegations as to the nature of the breach can satisfy the pleading requirements under Rule 8(a).").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (ECF No. 21). The motion is **GRANTED** as to Plaintiffs' CFAA claim arising under 18 U.S.C. § 1030(a)(5)(B), fraud claim, and negligent misrepresentation claim.

Those claims are **DIMSISSED WITHOUT PREJUDICE**. The motion is **DENIED** in all other respects. Plaintiffs' THACA and breach-of-contract claims survive.

Should Plaintiff be able to properly allege in good faith any claim dismissed without prejudice, Plaintiff is given leave to file an amended complaint within fourteen (14) days of this order.

Further, the stay of discovery is hereby **VACATED**.

It is so **ORDERED**.

**SIGNED** this 23rd day of April, 2024.

                                                _____
                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE